UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

PIZZAIOLO BAVARO, LLC
d/b/a Bavaro's Pizza Napoletana & Pastaria

    Defendant.
_____/

# COMPLAINT

Plaintiff James Watson ("Plaintiff") by and through his undersigned counsel hereby sues Defendant Pizzaiolo Bavaro, LLC ("Defendant"), a Florida limited liability company, doing business as Bavaro's Pizza Napoletana & Pastaria, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

    1.    Pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, venue lies in the Middle District of Florida in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

    2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to him (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting his civil rights and monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Bavaro's Pizza Napoletana & Pastaria brand restaurants specialize in serving traditional Neapolitan pizza and pastries using ingredients sourced from Italy. These restaurants are branded as "Bavaro's Pizza Napoletana & Pastaria" and each of which is open to the public; therefore, each Bavaro's Pizza Napoletana & Pastaria restaurant is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2).

7. There are four Bavaro's Pizza Napoletana & Pastaria restaurants within the state of Florida as follows:

- "Bavaro's Pizza Napoletana & Pastaria," located at 514 North Franklin Street, Tampa Florida 33672, which owned by the Defendant and is the subject of this instant action;

- "Bavaro's Pizza Napoletana & Pastaria" located at 27 Fletcher Avenue, Sarasota, Florida 34237 (owned by Bavaro's Sarasota LLC, not a party to this action);

- "Bavaro's Pizza Napoletana & Pastaria" located at 945 Central Avenue, St Petersburg, Florida 33705 (owned by Bavaro's St Pete LLC, not a

party to this action); and

- "Bavaro's Pizza Napoletana & Pastaria" located in the Tampa International Airport, 4100 George J Bean Parkway, Tampa, Florida 33607 (not a party to this action).

8. Defendant owns and operates the Bavaro's Pizza Napoletana & Pastaria restaurant which is located at 514 North Franklin Street, Tampa Florida 33672. Defendant's Bavaro's Pizza Napoletana & Pastaria Tampa restaurant location is also referenced herein as "place of public accommodation," "Bavaro's (Tampa) restaurant," or "restaurant."

9. Since Defendant is the owner and operator of the Bavaro's Tampa restaurant, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

10. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://bavarospizza.com mobile website (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to the four Bavaro's Pizza Napoletana & Pastaria restaurants delineated within the mobile website. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of the Bavaro's Pizza Napoletana & Pastaria restaurant

physical locations, and specifically Defendant's Bavaro's Tampa restaurant location.

11. The mobile website is offered as a way for the public to become familiar with the Bavaro's Pizza Napoletana & Pastaria menu selections, hours of operation, and restaurant locations (specifically the Bavaro's Tampa restaurant location) and provides other information Defendant seeks to communicate to the public. The mobile website also provides menus by location which are specific for pick up or delivery from the restaurant physical locations and offers the public the ability to inquire about catering from specific Bavaro's Pizza Napoletana & Pastaria restaurant locations, as well as a provides links to the Bavaro's Pizza Napoletana & Pastaria Facebook, Instagram, LinkedIn, Twitter and Tic Toc accounts. The mobile website also has a link where the public can purchase gift cards for exclusive use in Bavaro's Pizza Napoletana & Pastaria restaurants and has a second link to Amazon where the pubic can purchase Bavaro's signature Napoletana red sauces online and have that sauce delivered to their homes. By the provision of menu selection, reservation services, delivery and pickup food/order selection, and links to purchase branded merchandise and gift cards online, the mobile website is an integral part of the goods and services offered at each of the Bavaro's Pizza Napoletana & Pastaria restaurant and specifically the Bavaro's Tampa restaurant location. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of

the ADA[1], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

12. The mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from its Bavaro's Tampa restaurant location. As a result, the mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, the mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[2]

13. Defendant's mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[2] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

14. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://bavarospizza.com mobile website to test whether he can comprehend Bavaro's Tampa restaurant menu selections and to test for the ability to make reservations, order food for delivery or pickup, inquire about catering, and to purchase gift cards and merchandise online. However, unless Defendant is required to eliminate the barriers to Plaintiff's ability to communicate with Defendant through the mobile website, Plaintiff will continue to denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

15. Plaintiff is continuously aware of the violations on the https://bavarospizza.com mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist.

16. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's practice.

17. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is

entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19.     The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

20.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

21.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

22.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the

accessibility standards established by Part 36.

23. The https://bavarospizza.com mobile website has been designed to integrate with Defendant's Bavaro's Tampa restaurant through the provision of a reservation service, the provision of delivery and pickup menus and online ordering system, the ability to inquire about catering events online, and links to purchase Napoletana brand sauce (merchandise) and gift cards for use within Bavaro's Pizza Napoletana & Pastaria restaurants; therefore, the mobile website is an extension of Defendant's restaurant. By and through the mobile website, Defendant has extended its Bavaro's Tampa restaurant into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Bavaro's Pizza Napoletana & Pastaria restaurants and specifically Defendant's Bavaro's Tampa restaurant. Because the mobile website is integrated with, and is a nexus to, Defendant's restaurant, it is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

24. Plaintiff attempted to access and test the https://bavarospizza.com mobile website, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as himself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of

the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and this is violated. When a mobile VoiceOver screen reader software user selects the *Now Selling on Amazon* button, a popup is displayed, but focus dose not move to the popup so it is not announced. Focus remains on the homepage and that content is announced and the mobile VoiceOver screen reader software user remains on the homepage (instead of moving to the Bavaro's merchandise Amazon link).

ii. Guideline 1.4.5 Images of Text is violated. The mobile website does not use images of text (so that screen readers are unable to comprehend). For example, the *View our beer and wine list* button on the *Bavaro's Tampa* page opens the *Happy Hour* popup when pressed, but the content in the popup is not announced. Instead, an unlabeled image is announced.

iii. Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order, and this has been violated. After selecting the *Order and Pick-up locally* button, a *Select location* popup is displayed. Users must select a location before proceeding, but the popup is not announced to the mobile VoiceOver screen reader software user and focus does not move to it when it is displayed. Therefore, mobile VoiceOver screen reader software users are unable to order and pickup food without assistance.

iv. Guideline 3.3.2 Labels or Instructions is violated. Elements must be labeled and given instructions, and the mobile website fails to do so. For example, the *cart* button, *events* button, and *phone* button at the top of the homepage are not labeled. Each is announced as "button" which is an incomplete descriptor.

v. Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. A popup is displayed when the *Lunch Specials* button is pressed on the *St. Petersburg* page but this popup is not announced and focus instead moves to an unlabeled image so mobile

VoiceOver screen reader software users cannot access the lunch specials.

25. In this instant case, Defendant's mobile website reservation system and the merchandise and gift card stores are linked to third party vendors. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to third party vendor platforms does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

26. As a beneficiary of the mobile website which serves as a gateway to its Bavaro's Tampa restaurant, Defendant is required to comply with the ADA and the provisions cited herein. This includes Defendant's obligation to create, maintain and

operate a mobile website that is accessible to Plaintiff so that he (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability comprehend menu selections and to test for his ability to make a reservation to dine within the Bavaro's Tampa restaurant and to order/pay for food online for delivery or pickup, and to test for the ability to purchase merchandise and gift cards online.

27. Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 24) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

28. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

29. As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and

equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

30. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

31. Plaintiff desires to access the https://bavarospizza.com mobile website to assure himself that the mobile website is in compliance with the ADA so that he will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend the Bavaro's Tampa restaurant menu selections and test the reservation service, test for the ability to inquire about catering online, and to test for the ability to purchase Napoletana brand sauce and Bavaro's Pizza Napoletana & Pastaria gift cards online due to

Defendant's non-compliance with the ADA with respect to the mobile website.

32. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website to make it readily accessible to and usable by usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Pizzaiolo Bavaro, LLC and requests the following injunctive and declaratory relief:

  a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq*.;

  b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website which serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

  c. The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

    d.    The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the https://bavarospizza.com mobile website for purposes of comprehending Bavaro's Tampa restaurant menu selections, ordering/paying for merchandise and gift cards online, for making reservations to dine within the restaurant, and for inquiring about catering private dining events, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that he is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

    e.    The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    f.    The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

    g.    The Court award attorney's fees, costs and litigation expenses pursuant

    to 42 U.S.C. § 12205; and

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 22, 2022

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone: 305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*